UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ALLEN ONDES, | ) | |
| | ) | |
|     Plaintiff(s), | ) | |
| | ) | |
| v. | ) | Case No. 4:11CV197 JAR |
| | ) | |
| MONSANTO COMPANY, | ) | |
| | ) | |
|     Defendant(s). | ) | |

**MEMORANDUM AND ORDER**

    This matter is before the Court on Plaintiff's Motion to Conditionally Certify Class, Order

Disclosure of Putative Class Members' Names and Contact Information, and to Facilitate Class

Notice ("Class Motion"), filed March 4, 2011 (ECF No. 9) and Defendant's Motion for Partial

Dismissal of Plaintiff's Complaint, filed March 30, 2011 (ECF No. 20). These motions are fully

briefed and ready for disposition.

**BACKGROUND**

    On January 27, 2011, Plaintiff Allen Ondes commenced this action against Defendant

Monsanto Company ("Monsanto"). (Complaint ("Compl."), ECF No. 1). Plaintiff alleges that he

and other similarly situated automated engineering employees (hereinafter "Automation and

Engineering Employees")[1] were instructed to work off-the-clock and without pay due to budgetary

constraints. (Id., ¶¶ 10-16). Plaintiff asserts that, through this instruction and policy, Monsanto

failed to pay Plaintiff and similarly situated Automation and Engineering Employees all of their

proper compensation and overtime, which violates Missouri law and the Fair Labor Standards Act

---

    [1]Defendant clarifies that the department in which Plaintiff worked is named the Automation and Engineering Department, not the Automated Engineering Department. (Defendant's Memorandum in Opposition to Plaintiff's Motion to Conditionally Certify Class ("Response"), ECF No. 18, p. 1).

("FLSA"), 29 U.S.C. § 201 *et seq.*  (Id., ¶¶ 1, 17-18).  As a result of this policy, Plaintiff alleges that Monsanto willfully failed to pay overtime compensation and willfully failed to maintain accurate time records to save payroll costs.  (Id., ¶ 21).  Plaintiff seeks to bring Count I of his Complaint as a collective action pursuant to 29 U.S.C. § 216(b), on behalf of "current and former hourly-paid employees of Monsanto's automated engineering department [sic] who have worked any time since [date three years before order]."  (Notice of Lawsuit Against Monsanto Company, ECF No. 10-2, p. 3).  Plaintiff also brings Count II as a class action pursuant to Fed.R.Civ.P. 23 on behalf of "[a]ll current and former hourly Automated Engineering Employees [sic] employed by Monsanto in Missouri within two (2) years preceding the date of filing of this action."  (Compl., ¶25).  Finally, Plaintiff brings Counts III through V as a class action pursuant to Fed.R.Civ.P. 23, on behalf of "[a]ll current and former hourly Automated Engineering Employees [sic] employed by Monsanto in Missouri within five (5) years preceding the date of filing of this action."  (Id., ¶26).[2]

In the Class Motion, Plaintiff moves for (1) an Order granting conditional class certification of this case as a collective action under § 216(b) of the FLSA regarding current and former Automation and Engineering Employees for the period of three (3) years from the date of the Court's Order granting certification; (2) authorization for Plaintiff to send the notice under 216(b) of the FLSA to all current and former hourly-paid workers who have worked in Monsanto's Automation and Engineering Department at any time under the last three (3) years; and (3) an Order directing Monsanto to provide a computer-readable data file containing the name, last known address, and dates of employment of all Automation and Engineering Employees and to conspicuously post notice of this case in break rooms used by those persons.  (ECF No. 9).

---

[2]The Court collectively refers to Counts II-V as Plaintiff's state law wage claims.

Monsanto opposes the Class Motion (ECF No. 18) and also moves to dismiss Counts II through V of the Complaint (Defendant's Motion for Partial Dismissal of Plaintiff's Complaint ("Motion to Dismiss"), ECF No. 20). In accordance with the foregoing, the Court grants Plaintiff's Conditional Class Motion and denies the Motion to Dismiss.

**DISCUSSION**

## I.      Motion for Conditional Class Certification

Section 7 of the FLSA mandates that an employer may not subject non-exempt employees to a work week in excess of forty hours, unless the employee is compensated for his or her overtime with additional pay of at least one and one-half times his or her regular hourly wage. 29 U.S.C. § 207. A collective action under the FLSA to recover overtime compensation and liquidated damages may be maintained, "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Unlike a Rule 23 class action, a collective action under the FLSA is pursued on an opt-in basis, requiring employees to provide their consent in writing to join the action. 29 U.S.C. § 216(b); Ford v. Townsends of Arkansas, Inc., No. 4:08cv509, 2010 U.S. Dist. Lexis 46093, at *8 (E.D. Ark. Apr. 9, 2010).

District courts within the Eighth Circuit conduct a two-step analysis to determine whether employees are "similarly situated." Beasley v. GC Services LP, 270 F.R.D. 442, 444 (E.D. Mo. 2010); Littlefield v. Dealer Warranty Services, LLC, 679 F.Supp.2d 1014, 1016 (E.D. Mo. 2010); Ford, 2010 U.S. Dist. Lexis 46093, at *8. "Under this two-step process, the plaintiff first moves for class certification for notice purposes." Dernovish v. AT&T Operations, Inc., No. 09-0015, 2010 U.S. Dist. LEXIS 2127, at *3 (W.D. Mo. Jan. 12, 2010)(internal quotations and citation omitted). "The plaintiff's motion for certification is typically filed at an early stage of the litigation thus requiring a lenient evaluation standard and typically resulting in conditional certification of a representative class." Kautsch v. Premier Communications, 504 F.Supp.2d 685, 688 (W.D. Mo.

2007) (citations omitted).  The Court does not reach the merits of the plaintiff's claims at this early stage of litigation.  Id.  If the Court conditionally certifies the class, the potential class members are given notice and the opportunity to opt-in.  Dernovish, 2010 U.S. Dist. LEXIS 2127, at *3.

The second step of the process occurs when the defendant moves to decertify the class. Ford, 2010 U.S. Dist. Lexis 46093, at *9; Beasley, 270 F.R.D. at 444;  Dernovish, 2010 U.S. Dist. LEXIS 2127, at *3.  This typically is done after the close of discovery, when the Court has much more information and is able to make a more informed decision.  Id.  "At that time, applying a stricter standard, the court makes a factual determination on the similarly situated question."  Garner v. Regis Corp., No. 03-5037, 2004 U.S. Dist. LEXIS 29167, at *6 (W.D. Mo. Aug. 5, 2004)(citation omitted).  "Courts will consider three factors at the second stage: (1) the employment and factual settings of the plaintiffs; (2) the various defenses available to the defendants; and (3) considerations of fairness, procedure, and manageability."  Ford, 2010 U.S. Dist. LEXIS, at *9 (internal quotation omitted).  "If the claims are not similarly situated, the Court decertifies that class and the opt-in plaintiffs are dismissed without prejudice."  Garner, 2004 U.S. Dist. LEXIS 29167, at *6 (citation omitted).

For the first step of the process, the FLSA does not define the term "similarly situated." Kautsch, 504 F.Supp.2d at 689; Garner, 2004 U.S. Dist. LEXIS 29167, at *5.  Courts agree that a plaintiff's burden at the first stage of the process is not onerous, however, and "plaintiffs can meet this burden by making a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law."  Kautsch, 504 F.Supp.2d at 689 (citations omitted); see also Ford, 2010 U.S. Dist. Lexis 46093, at *8 ("A class is similarly situated at this stage if plaintiffs make a modest factual showing, based upon the pleadings and affidavits, that the proposed class members were victims of a single decision, policy, or plan."); Dernovish, 2010 U.S. Dist. LEXIS 2127, *3-4 ("There is no need to show that the would-be

- 4 -

members of the class are actually similarly situated or that they are identical, but the plaintiff must present some evidence to demonstrate the class members are similar in important respects and are subjected to similar policies or circumstances.").  A plaintiff may meet this burden by "detailed allegations supported by affidavits."  Kautsch, 504 F.Supp.2d at 689 (citation omitted).

Here, to support his claim that he and other Automation and Engineering Employees are similarly situated, the named, opt-in Plaintiff provides a sworn declaration stating that he and other hourly Automation and Engineering Employees were paid an hourly rate of compensation, and that their managers instructed the Automation and Engineering Employees not to request payment for all of the hours that they actually worked; that is, the Automation and Engineering Employees were instructed to work off-the-clock. (Declaration of Allen Ondes, ECF No. 10-1, ¶¶3-5). Plaintiff also testifies that he was told that the Automation and Engineering Employees had to limit the working time they reported because Monsanto had insufficient funds budgeted to pay for all the hours worked if the employees reported all the hours worked.  (Id., ¶6).  Plaintiff attests that he and other Automation and Engineering Employees were offered "comp time," or "unpaid time off during later weeks," instead of reporting all of the hours that they worked for monetary compensation.  (Id., ¶7). Plaintiff specifically states that he was not paid for all of the hours he worked.  (Id., ¶5).  Based on these allegations, Plaintiff asserts that Automation and Engineering Employees received the same instructions not to record and request payment for all of the hours that they worked, and they were common victims of Monsanto's company-wide policies and practices designed to deny them payment and overtime compensation for all of their hours worked.  Davis v. Novastar Mortg., Inc., 408 F.Supp.2d 811, 816 (W.D. Mo. 2005).

Upon consideration and as discussed herein, the Court finds that, given the lenient notice standard, Plaintiff has met his burden to show conditional certification is proper.  Kautsch, 504 F.Supp.2d at 690.  Specifically, the Court notes the policy requiring Automation and Engineering

- 5 -

Employees not to report all of their hours works appears to apply to all such employees.  In addition, Plaintiff specifically alleges that he did not report and was not paid for some of the hours he worked as a result of this policy.  Cf. Wacker v. Pers. Touch Home Care, Inc., No. 4:08CV93, 2008 U.S. Dist. LEXIS 101079, at *10 (E.D. Mo. Nov. 6, 2008)(denying certification where the plaintiff failed to testify that he was denied compensation). Finally, while Monsanto maintains that Plaintiff is not similarly situated to Automation and Engineering Employees, the Court finds these assertions go to the merits of the suit, and are not grounds for denying conditional certification of the class. Kautsch, 504 F.Supp.2d at 690, n. 2.

### A.    Monsanto was Plaintiff's Employer under the FLSA

As an initial matter, Monsanto argues that conditional class certification is improper because the putative class members were not Monsanto employees, but were employed by multiple staffing agencies.  (Response, pp. 3, 6).  Monsanto utilized contract employees, such as Plaintiff, who were employees of various staffing agencies.  (Id., p. 3).  Monsanto notes that, during the relevant time period, nine different staffing agencies provided contractors for the Automation and Engineering Department.  (Id.).  Monsanto argues that these contractors were employees of the various staffing agencies, not Monsanto.  (Id., p. 6).

In reply, Plaintiff states that he, and other contract employees were employees of Monsanto under the broad definition of "employee" contained in the FLSA.  (Plaintiff's Reply Memorandum in Support of Motion for Conditional Collective Action Certification ("Reply"), ECF No. 27, pp. 12-13). The Supreme Court has noted that whether a relationship is covered by the FLSA turns on the economic realities of the working relationship rather than technical definitions relating to employment. Goldberg v. Whitaker House Coop., Inc., 366 U.S. 28, 33, 81 S. Ct. 933, 6 L. Ed. 2d 100 (1961).   The FLSA defines "employee" broadly to include "any individual employed by an employer."  29 U.S.C. §203(e)(1)(2006).  In turn, "employ" is defined as "to suffer or permit to

work" 29 U.S.C. §203(g), and an "employer" is any person "acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. §203(d). "Thus, based on the language of the statute, an employee is any individual who is permitted to work by one acting directly or indirectly in the interest of an employer." Helmert v. Butterball, LLC, No. 4:08CV00342, 2010 U.S. Dist. LEXIS 28964, at *6 (E.D. Ark. Mar. 5, 2010); see also Nicholson v. UTi Worldwide, Inc., No. 3:09-cv-722, 2011 U.S. Dist. LEXIS 41886, at *3 (S.D. Ill. Apr. 18, 2011)(conditionally certifying class of "forklift operators employed" by defendant that included workers hired through temporary staffing agencies).

The Court finds that, for purposes of this Motion, Monsanto "permitted or suffered to work" the Automation and Engineering Employees, even if such employees were provided by staffing agencies. Given the FLSA's broad definition of the "employee" and its remedial purpose, Monsanto's use of contractors from nine different staffing agencies does not provide a basis for denying conditional class certification.

**B.    Existence of a Similarly Situated Class**

Monsanto argues that the Court should deny conditional class certification because Plaintiff has not demonstrated the existence of a similarly situated putative class. Plaintiff filed a single affidavit (his own), in which he states that he was asked to work "off-the-clock" and that he did so. (Response, pp. 7-8). Although he claims that others were told not to report their hours worked and that he witnessed others working in excess of 40 hours per workweek, Monsanto notes that Plaintiff does not identify any others who actually worked "off-the-clock." (Id., p. 8). Monsanto notes that Plaintiff does not even allege that any other person was denied appropriate overtime compensation. (Id., pp. 1, 8). And, Plaintiff does not name any other putative class member interested in joining the class. (Id., p. 8). Monsanto cites several out-of-circuit cases for the proposition that courts

routinely deny conditional class certification where the plaintiff does not identify any similarly situated individuals interested in joining the class.  (Id., pp. 8-9)(citing cases).

Here, the Court finds sufficient allegations that other Automation and Engineering Employees were injured by Monsanto's policy.  Plaintiff "noticed that other workers in the department worked over 40 hours per week like I did." (Declaration of Allen Ondes, ECF No. 10-1, ¶4).  In turn, Plaintiff heard the managers tell other Automation and Engineering Employees not to report all of the hours that they worked.  (Id., ¶5).  Although not stated explicitly, the Court finds a reasonable inference that Plaintiff alleges that other Automation and Engineering Employees did not report and were not paid for their overtime hours.  For purposes of this Motion, the Court reaches the viable conclusion that these other employees were injured by Monsanto's alleged policy and would form part of the putative class.

Moreover, the Court does not require evidence that potential class members desire to opt-in the litigation at the first stage of certification.  Kautsch, 504 F. Supp. 2d at 690 n.1.  The Court agrees that such a rule "'would essentially force plaintiffs or their attorneys to issue their own form of informal notice or to otherwise go out and solicit other plaintiffs.'"  Helmert v. Butterball, LLC, 4:08CV00342, 2009 U.S. Dist. LEXIS 116460, at *16 (E.D. Ark. Dec. 15, 2009)(quoting Heckler v. DK Funding, LLC, 502 F. Supp. 2d 777, 780 (N.D. Ill. 2007)).  "Furthermore, requiring named plaintiffs to contact potential class members to survey their interest in opting in to the litigation before sending the class members official notice of the litigation would unnecessarily give rise to potential ethical issues."  Id.

Consequently, at this stage of the litigation, the Court will allow conditional class certification based upon the affidavit of Plaintiff and without specific evidence of individuals interested in joining the class.

## C.    Similarly Situated

Monsanto raises several grounds for why it believes that Plaintiff is not similarly situated to other putative class members and conditional class certification is improper.  Monsanto contends that Plaintiff is not similarly situated to other putative class members because of the nature of the department.  First, Monsanto notes that the Automation and Engineering Department consists of employees "spread among many different buildings and geographic areas."  (Response, p. 13).[3] Monsanto argues that such limitations would preclude Plaintiff from knowing the schedules and compensation of other putative class members.  (Response, p. 13).  Monsanto also points to other Automation and Engineering Employees, who claim that they received no instruction to work "off-the-clock."  (Response, p. 14); see also Wacker, 2008 U.S. Dist. LEXIS 101079, at *12 ("One conclusory affidavit from a former Missouri employee is simply insufficient when countered by the very specific affidavits by the employees who actually supervise those other offices.").  Moreover, Monsanto states that its Leads and Supervisors are afforded significant discretion in handling their workforce such that there would not be a common plan or practice to require employees to work uncompensated overtime.  (Response, p. 14).  Wacker, 2008 U.S. Dist. LEXIS 101079, at *7, quoting Haynes v. Singer, Co., 696 F.2d 884, 887 (11th Cir. 1983) ("'Unsupported assertions that FLSA violations were widespread and that additional plaintiffs exist do not meet this burden.'")).  Monsanto provides affidavits from current and former Automation and Engineering Department Leads and Supervisors, who state that such Automation and Engineering Employees were not instructed to perform work "off the clock" and that such practices did not occur on their teams or locations where Plaintiff did not work.  (Response, pp. 14-15).  Finally, Monsanto maintains conditional certification of this claim is inappropriate because a collective action would not promote

---

[3]At oral argument, Plaintiff's counsel stipulated that he was seeking to certify a class that consists solely of Automation and Engineering Employees at Monsanto's Creve Coeur, Missouri location.

judicial efficiency.  Specifically, Monsanto claims that the Court necessarily would need to engage in individualized inquiries as to whether and to what extent Automation and Engineering Employees followed the instruction from managers to perform off-the-clock work.  (Response, pp. 10-12)(citing cases).[4]

Upon consideration, the Court rejects Monsanto's arguments, for several reasons.  First, the Court notes that the parties present conflicting evidence with respect to whether the Automation and Engineering Employees performed off-the-clock work.  (See, e.g., Declaration of Allen Ondes, ECF No. 10-1, ¶ 5).  The Court will not make any credibility determinations or findings of fact with respect to contradictory evidence presented by the parties at this initial stage.  McCauley v. First Option Mortg., LLC, No. 4:10CV980, 2010 U.S. Dist. LEXIS 91375, at *12 (E.D. Mo. Sept. 2, 2010); Loomis v. CUSA, LLC, 257 F.R.D. 674, 676 (D. Minn. 2009); Pressler v. FTS USA, LLC, No. 4:09CV00676 , 2010 U.S. Dist. LEXIS 55181, at *11 (E.D. Ark. May 12, 2010).  "In any event, this argument relates to the merits and should not be resolved at this time."  Dernovish, 2010 U.S. Dist. LEXIS 2127, at *4-5; see also Greenwald v. Phillips Home Furnishings, Inc., No. 4:08CV1128, 2009 U.S. Dist. LEXIS 7455, at *19 (E.D. Mo. Feb. 3, 2009)("After discovery is complete, and the matter is fully briefed, [the Court] may decertify the collective action for this (or some other) reason advanced by [Monsanto].  But [the Court] cannot deny conditional certification because plaintiffs

---

[4]Monsanto identifies seven (7) specific issues:
1.    Which company actually employed each putative class member;
2.    The separate and varied work schedules of each putative class member;
3.    The number of hours each putative class member worked in each workweek;
4.    The method by which the various staffing agencies paid the contractor;
5.    The instruction each putative class member received regarding overtime;
6.    Whether Monsanto was aware that a particular contractor was working unreported overtime; and
7.    Whether the putative class member was a computer programmer exempt from time-and-one-half overtime under 29 U.S.C. §213(a)(17).
(Response, pp. 10-11).

may not ultimately prevail on their FLSA claims."). Likewise, purported differences within the putative class are insufficient to deny conditional class certification. "Simply identifying differences between the parties is not enough to defeat a motion for class certification at this notice stage." Helmert, LLC, 2009 U.S. Dist. LEXIS 116460, at *12-13 (citing Spoerle v. Kraft Foods Global, Inc., 253 F.R.D. 434, 439-40 (W.D. Wis. 2008)). "Even if these differences may affect the plaintiffs' ability to prove liability, the Court does not reach the merits of the parties' claims and defenses at the certification stage." Id. Finally, while the Court acknowledges there may exist distinctions among the Monsanto's teams and locations, Plaintiff's affidavit provides enough evidence at this stage to demonstrate employees were similarly situated and subject to a common practice. McCauley, 2010 U.S. Dist. LEXIS 91375, at *12-13 (citing Busler v. Enersys Energy Products, Inc., No. 09-00159, 2009 U.S. Dist. LEXIS 84500, at *9-10, 2009 WL 2998970 at *3 (W.D. Mo. Sep. 16, 2009)); see also Fast v. Applebee's Intern., Inc., 243 F.R.D. 360, 363-64 (W.D. Mo. 2007) (citations omitted) ("To be similarly situated, however, class members need not be identically situated. The 'similarly situated' threshold requires only a modest factual showing."); Schleipfer v. Mitek Corp., No. 1:06CV109, 2007 U.S. Dist. LEXIS 64042, at *9 (E.D. Mo. Aug. 29, 2007)(class members need not be identically situated). "[A]rguments concerning the individualized inquiries required and the merits of Plaintiffs' claims are inappropriate at this stage of the proceeding and can be raised before the Court at the second, or decertification, stage." Dominquez v. Minn. Beef Indus., No. 06-1002, 2007 U.S. Dist. LEXIS 61298, at *10 (D. Minn. Aug. 21, 2007)(internal quotation omitted).

### D.    Plaintiff as Class Representative

Finally, Monsanto argues that Plaintiff is an improper class representative, given his limited knowledge of the work practices of other employees. Monsanto describes Plaintiff as working with his back towards other employees and usually wearing headphones. (Response, p. 4). Plaintiff takes

issue with this characterization and claims that he regularly interacted with other employees in various areas in the Automation and Engineering Department.  (Reply, p. 9).  Plaintiff states that he did not sit with his back to the door of the department and that he wore headphones only a small percentage of his work time.  (Id.).

Clearly, this dispute requires a credibility determination that cannot be determined at this stage of the litigation.  Loomis, 257 F.R.D. at 676.  Moreover, this issue is more appropriately resolved at a later stage in the proceedings, and should not preclude conditional certification of a collective action.  Schleipfer, 2007 U.S. Dist. LEXIS 64042, at *10 (conditionally certifying the class in the face of a claim that the class representative was improper because "[t]his argument goes to the merits of [plaintiff's] claim and is not yet ripe for resolution").

 Plaintiff's Motion for Conditional Class Certification will therefore be granted.

## II.     Motion to Dismiss

In its Motion to Dismiss, Monsanto argues that Plaintiff is precluded from combining a FLSA and a Rule 23 class action in the same proceeding because a FLSA opt-in collective action and a Rule 23 opt-out class action on the state law wage claims are inherently incompatible. (Motion to Dismiss, p. 1).  In addition, Monsanto claims that Plaintiff's state law wage claims should be dismissed because Plaintiff cannot meet the Rule 23 superiority requirements, i.e., Plaintiff cannot demonstrate as a matter of law that the Rule 23 opt-out procedure is superior to other available methods for the adjudication of the putative class members' state law wage claims.  (Id., p. 2).

### A.     Standard

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint liberally in the light most favorable to Plaintiff.  Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008) (citing Luney v. SGS Auto Servs., 432 F.3d 866, 867 (8th Cir. 2005)).  Additionally, the

Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted).  To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) (abrogating the "no set of facts" standard for Fed. R. Civ. P. 12(b)(6) found in Conley v. Gibson, 355 U.S. 41, 45–46 (1957)).  While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555; Huang v. Gateway Hotel Holdings, 520 F. Supp. 2d 1137, 1140 (E.D. Mo. 2007).

### B.      Compatibility of FLSA and State Law Wage Claims

Monsanto claims that Plaintiff's assertion of both a FLSA collective action and a Rule 23 class action for state law claims in the same proceeding is "inherently incompatible" with the FLSA's opt-in collective action requirement under Section 216(b).  (Defendant's Memorandum in Support of its Motion for Partial Dismissal of Plaintiff's Complaint ("Memorandum in Support"), ECF No. 21, p. 2).

Generally, "the issue of whether to allow a FLSA collective action to proceed simultaneously with a Rule 23 class action under a state's hours and wage law is essentially one of practicability, with the weight of authority holding that the two can proceed together in one action."  Arnold v. DirecTV, Inc., No. 4:10CV00352, 2011 U.S. Dist. LEXIS 22843, at *22 (E.D. Mo. Mar. 7, 2011); Salazar v. AgriProcessors, Inc., 527 F. Supp. 2d 873, 886 (N.D. Iowa 2007)(citing cases where courts found that it was appropriate to exercise supplemental jurisdiction over state law wage class actions in addition to FLSA collective actions); Osby v. Citigroup, Inc., No. 07-cv-06085, 2008 U.S.

- 13 -

Dist. LEXIS 39041, at *11, n. 2 (W.D. Mo. May 14, 2008)("District court cases permitting FLSA collective actions to proceed simultaneously with Rule 23 state actions are legion.")(citing cases).

Here, because "the factual overlap between the FLSA claims and the state wage and hours law claims is virtually total, '[i]t would illserve the interests of convenience or judicial economy to re-litigate in state court the defendants' pay practices.'" Arnold, 2011 U.S. Dist. LEXIS 22843, at *23 (quoting Cortez v. Nebraska Beef, Inc., 266 F.R.D. 275, 287 (D. Neb. 2010)).  Plaintiff's allegations related to his FLSA and his state law wage claims are virtually identical, and Plaintiff will need to rely on the same evidence for the majority of his case on all claims.  Further, "Congress has made no explicit or inferential attempt requiring courts to refuse to exercise supplemental jurisdiction." Cortez, 266 F.R.D. at 287 (D. Neb. 2010) (citing Salazar, 527 F. Supp. 2d at 884-85).[5] The Court agrees that, at this stage of the litigation, a determination that a FLSA collective action is incompatible with a Rule 23 class action would not be in the interests of judicial economy. (Plaintiff's Memorandum in Opposition to Defendant's Motion for Partial Dismissal of Plaintiff's Complaint ("Memorandum in Opposition"), ECF No. 24, p. 6).  The Court's refusal to exercise supplemental jurisdiction simply would cause those state law claims to be brought in another court. Id.; see also Perrin v. Papa John's Int'l, Inc., No. 4:09CV01335, 2011 U.S. Dist. LEXIS 22957, at

---

[5]Monsanto relies heavily on Schmidt v. Fuller Brush Co., 527 F.2d 532 (8th Cir. 1975) for the proposition that a collective action for wages and overtime compensation under 216(b) of the FLSA and a Fed.R.Civ.P. 23 class action are mutually exclusive and irreconcilable. (Memorandum in Support, pp. 4-5; Defendant's Reply Memorandum in Support of its Motion for Partial Dismissal of Plaintiff's Complaint ("Reply"), ECF No. 29, p. 4).  Monsanto, however, admits that Schmidt arose in the context of the plaintiffs' attempt to use Rule 23 to govern a FLSA collective action, but argues that the policy considerations are applicable in the instant situation.  (Memorandum in Support, pp. 4-5).  This Court disagrees.  The analysis in Schmidt was focused singularly on the whether the "opt-out" provisions of Rule 23 could be utilized in a FLSA action.  Schmidt, 527 F.2d at 536-37.  The Schmidt court addressed only the impropriety of bringing an FLSA as a Rule 23 class action under the statute, and did not address the implications of having a collective action and a class action in the same lawsuit.

*20 (E.D. Mo. Mar. 8, 2011)("the better approach is to allow both actions to proceed together in federal court").[6]

Thus, the Court finds no basis for dismissing Plaintiff's state law wage claims because of the alleged incompatibility of these claims.  "It is simply too early to determine that Plaintiffs' claims may not go forward together where there is no evidence that the FLSA claims and the state law claims could not be fairly adjudicated together."  Osby, 2008 U.S. Dist. LEXIS 39041, at *10; Perrin, 2011 U.S. Dist. LEXIS 22957, at *20 ("At this stage of the proceedings the Court is not convinced that both claims cannot be effectively adjudicated in this one action by proper case management.").

### C.    Preemption of Plaintiff's State Law Claims

Monsanto also states that an "implied preemption" of Plaintiff's Rule 23 state law wage claim results from an "irreconcilable conflict with the opt-in requirements of Section 216(b)." (Memorandum in Support, pp. 2, 11).  Monsanto clarifies that it "does not, however, contend that the FLSA preempts Plaintiff's individual claims under state law claims, but rather, he simply cannot proceed with a Rule 23 class action on his state law claims because to do so would undermine the objectives of Section 216(b)."  (Id.).[7]  That is, Monsanto claims that Plaintiff cannot maintain the

---

[6]Monsanto warns of the "danger of confusion" of allowing a FLSA collective action and a Rule 23 class action on the state law claims.  (Memorandum in Support, p. 8).  Specifically, Monsanto advises the Court that, if it allows Plaintiff to proceed on both the FLSA and the state law claims, then a putative class member would receive two notices: one stating that he or she would be included in the case only by returning an opt-in form, and another notifying him or her that he or she would be included in the class unless the class member opted out.  (Id.; Reply, pp. 5-6).  This Court believes that, through the proper notice, it can avoid or mitigate, the danger of confusion.

[7]Accordingly, the Court does not address the argument regarding whether Plaintiff's individual state law wage claims would be preempted by the FLSA.  See also Perez-Benites v. Candy Brand, LLC, 267 F.R.D. 242, 246 (W.D. Ark. 2010)(citing cases and holding that under the FLSA savings clause, "the FLSA does not provide an exclusive remedy for violations of its provisions").

class component of his state law claims in the same action as his collective action under the FLSA under the doctrine of conflict preemption.  (Reply, pp. 7-9).

"There are two types of conflict preemption—impossibility preemption and obstruction preemption."  Lefaivre v. KV Pharm. Co., 636 F.3d 935, 939 (8th Cir. 2011)(citing Wis. Pub. Intervenor v. Mortier, 501 U.S. 597, 605, 111 S. Ct. 2476, 115 L. Ed. 2d 532 (1991)).  Monsanto argues that Plaintiff's claim is subject to obstruction preemption because "a Rule 23 class action interferes with the *method* by which the FLSA was designed to reach its goals."  (Reply, pp. 7, 8)(emphasis in original).  "Obstruction preemption exists 'when a state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.'"  Lefaivre, 636 F.3d at  939 (quoting Wis. Pub. Intervenor, 501 U.S. at 605).

That is, Monsanto argues that Plaintiff's state law claims are precluded under a theory of obstacle preemption because the FLSA's enforcement scheme is an exclusive one.  (Reply, p. 8).  Essentially, Monsanto's conflict preemption argument again relates to the incompatibility of a Rule 23 class action and a FLSA collective action in the same litigation, which this Court rejected above.  See Reply, p. 7 (arguing that Plaintiff's state law wage claims are preempted by the FLSA because of the "inherent incompatibility between the opt-in method in Section 216(b) for litigating class claims for wages and the opt-out method for litigating a Rule 23 class action").[8]  As previously discussed, at this stage of the litigation, the Court finds that the state law wage claims and the FLSA claims can proceeding in the same action.

    **D.     Superiority of Rule 23 Class Action**

---

    [8]In addition, although Monsanto claims that it argues only that the class component of Plaintiff's state law claims are preempted by the FLSA, many of the cases cited by Monsanto do not limit their holdings to the class component of Plaintiff's claims.  See, e.g., Anderson v. Sara Lee Corp., 508 F.3d 181, 194 (4th Cir. 2007)(holding that "Congress prescribed exclusive remedies in the FLSA for violations of its mandates").

Monsanto moves to dismiss Plaintiff's class allegations because Plaintiff cannot meet Rule 23's standard for superiority of class action. The Court finds Monsanto's superiority argument to be premature. "Striking plaintiffs' class action allegations prior to discovery and the class certification stage is a rare remedy, appropriate where the complaint itself demonstrates that the requirements for maintaining a class action cannot be met." Doyel v. McDonald's Corp., No. 4:08-CV-1198, 2009 U.S. Dist. LEXIS 9622, at *14 (E.D. Mo. Feb. 10, 2009)(citing Weatherly v. Michael Foods, Inc., 2008 U.S. Dist. LEXIS 100871, 2008 WL 5110917, at *3 (D. Neb. Dec. 2, 2008). "[A]t this stage in the proceeding these doubts must be resolved in favor of plaintiff[]." Doyel, 2009 U.S. Dist. LEXIS 9622, at *15.

Plaintiff's allegations are sufficient to state a claim for a Rule 23 class action at this stage of the litigation. See Weatherly v. Michael Foods, Inc., No. 8:08CV153, 2008 U.S. Dist. LEXIS 100871, at *11 (D. Neb. Dec. 2, 2008)(quoting Sirota v. Solitron Devices, Inc., 673 F.2d 566, 570-72 (2d Cir. 1982)("'[T]here can be no doubt that it is proper for a district court, prior to certification of a class, to allow discovery and to conduct hearings to determine whether the prerequisites of Rule 23 are satisfied.'"). Plaintiff alleges that "Monsanto's managers instructed, coerced and discouraged [the Automation and Engineering Employees] from reporting all time worked." (Compl., ¶1). Further, Plaintiff alleges that, pursuant to this policy and practice, Monsanto "violated the FLSA by refusing and failing to pay Plaintiff and other similarly situated [Automation and] Engineering Employees overtime wages under the FLSA." (Compl., ¶44). Of course, the Court can revisit Monsanto's superiority argument when Plaintiff moves for class certification on his state law claims.

## III.   Notice

As noted during the motion hearing, the parties suggested several changes to the Notice of Lawsuit against Monsanto Company (ECF No. 10-2), including clarification the class at issue to

include only those Automation and Engineering Employees at the Creve Couer campus.  Therefore, the Court grants Plaintiff until December 19, 2011, to file its new proposed Notice of Lawsuit against Monsanto Company.  Then, Monsanto is granted until January 4, 2012, within which to make any written objections to Plaintiff's proposed Notice of Lawsuit Against Monsanto Company.

**CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Conditionally Certify Class, Order Disclosure of Putative Class Members' Names and Contact Information, and to Facilitate Class Notice (ECF No. 9) is **GRANTED**, in part, and the Court conditionally certifies a class of all current and former hourly-paid employees of Monsanto's Automation and Engineering Department in Creve Couer, Missouri office for the period of three (3) years from the date of this Order.

**IT IS FURTHER ORDERED** that Plaintiff Allen Ondes conditionally is authorized to act as class representative.

**IT IS FURTHER ORDERED** that Weinhaus & Potashnick and Sowers & Wolf, LLC, are authorized to act as class counsel.

**IT IS FURTHER ORDERED** that Plaintiff shall file its amended proposed Notice of Lawsuit against Monsanto Company on or before **December 19, 2011**.

**IT IS FURTHER ORDERED** that Monsanto is granted until **January 4, 2012**, within which to make any written objections to Plaintiff's amended proposed Notice of Lawsuit Against Monsanto Company.

**IT IS FURTHER ORDERED** that Monsanto shall provide Plaintiff's attorneys with the names and current or last known mailing addresses of all employees who may be potential plaintiffs in this suit on or before **January 9, 2012**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Partial Dismissal of Plaintiff's Complaint, filed March 30, 2011 (ECF No. 20) is **DENIED**, without prejudice.

Dated this 12th day of December, 2011.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE