UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ALLEN ONDES, | ) |
| | ) |
| Plaintiff(s), | ) |
| | ) |
| v. | ) Case No. 4:11CV197 JAR |
| | ) |
| MONSANTO COMPANY, | ) |
| | ) |
| Defendant(s). | ) |

**MEMORANDUM AND ORDER**

This is an action under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., brought by hourly employees of Monsanto's Automation and Engineering Department in its location in Creve Coeur, Missouri. On December 12, 2011, this Court conditionally certified a class of all similarly situated present and former employees at any time during the three (3) years prior to December 12, 2011 (ECF No. 41).[1] The Court also ordered briefing of the issues surrounding the adequacy and content of the proposed notice and consent to join ("Notice") and the appropriate location, if any, for posting of the Notice.

---

[1] In the revisions to Plaintiff's proposed notice, Defendant mistakenly identifies the class as including "persons who, since **December 8, 2011**, worked in Monsanto's Automation and Engineering Department in its location in Creve Coeur, Missouri, and who were paid by the hour." (ECF Nos. 45-2, p. 3; 45-3, p. 3)(emphasis added). Although this date was not corrected by Plaintiff, the Court finds that the class should include "persons who, since December 12, 2008, worked in Monsanto's Automation and Engineering Department in its location in Creve Coeur, Missouri, and who were paid by the hour." See Complaint, ECF No. 1, ¶6 (plaintiff brings his FLSA claim on behalf of himself and similarly situated employees within the last three years); Plaintiff's Motion to Conditionally Certify Class, Order Disclosure of Putative Class Members' Names and Contact Information, and to Facilitate Class Notice, ECF No. 9, p. 1 (seeking to conditionally certify a class of Automation and Engineering Employees during the last three years); Plaintiff's Notice, ECF No. 43-1, p. 3 (identifying the class as Automation and Engineering Employees who worked at any time since three years before the date of the order); see also Defendant's Amended Notice of Complaint, ECF No. 51 (identifying the class as Monsanto's Automation and Engineering Department employees in its location in Creve Coeur, Missouri from December 12, 2008 to the present).

For the reasons set forth herein, the Court now approves Plaintiff's proposed form Notice (ECF No. 43-1), subject to the changes, deletions, and additions set forth below. In addition, the Court approves the delivery of the Notice by first-class mail and posting the Notice in the break area of Monsanto's S-1 room and the break area of Monsanto's facility on Baur Boulevard. The Court also approves a ninety (90) day opt-in period to commence after the Rule 16 Conference on January 27, 2012.

## I.  MAILED NOTICE AND WORKPLACE POSTING

Plaintiff requests that the Court require mailing by first class mail and that the notice be posted in Monsanto's S-1 room and the break area of Monsanto's facility on Baur Boulevard. (Plaintiff's Reply to Defendant's Objections and Response to Plaintiff's Proposed Notice ("Reply"), ECF no. 49, p. 4).[2] Relying on the decision in Perrin v. Papa John's Int'l, Inc., No. 4:09CV01335, 2011 U.S. Dist. LEXIS 117046, at *3-7 (E.D. Mo. Oct. 11, 2011), Defendant asserts that notice by first-class mail is sufficient in this case, and that requiring it to post the Notice in the workplace unnecessarily embarrasses Monsanto. (Defendant's Objections and Responses to Plaintiff's Proposed Notice ("Response"), ECF No. 45-1, p. 5).

Initially, the Court does not require Plaintiff to provide a showing that mailed notice would be insufficient before it approves posting a notice in the workplace. See, e.g., Simmons v. Enterprise Holdings, Inc., No. 4:10CV00625 AGF, 2011 U.S. Dist. LEXIS 37504, 2011 WL 1304732, at *1 (E.D. Mo. April 6, 2011); Dernovish v. AT&T Opers., Inc., No. 09-0015-CV-W-ODS, 2010 U.S. Dist. LEXIS 2127, 2010 WL 143692, at *2 (W.D. Mo. Jan. 12, 2010); Beasely v. GC Services, 270 F.R.D. 442, slip op. at 9 & Exh. 27 (E.D. Mo. 2010); Ingraham v. Dixon Ambulance Dist., No. 10-4160-CV-S-ODS, 2010 U.S. Dist. LEXIS 116383, 2010 WL

---

[2]In the alternative, Plaintiff suggests that the Court disseminate notices in the pay envelopes of members of the class.

4534038, at *2 (W.D. Mo. Nov. 1, 2010); In re Pilgrim's Pride FLSA Litig., MDL No. 1:07CV1832, 2008 U.S. Dist. LEXIS 40360, 2008 WL 2061265, at *1 (W.D. Ark. May 14, 2008); Boyle v. Barber & Sons Co., No. 03-0574-CV-W-FJG, 2004 U.S. Dist. LEXIS 29168, 2004 WL 5897946, *5 (W.D. Mo. May 21, 2004).  In any event, the Court does not believe that the posting of the notice is overly intrusive or cumbersome to Defendant.  Unlike in Perrin, the Court requires Defendant to post the notice in just two locations, not hundreds of restaurants.  See, e.g., Simmons, 2011 U.S. Dist. LEXIS 37504, at *5-6, 2011 WL 1304732, at *2 (holding that posting would be required only in a single location).  Finally, the Court believes that posting the notice may be helpful in this instance, particularly given that the putative class contains employees of various staffing agencies and Defendant may not have the ability to verify their personal addresses.  (ECF No. 18, p. 6 & p. 13, n. 10).

## II.   MONSANTO'S PROPOSED CHANGES

A.   Section III, "Who is Included in this Lawsuit?"

Plaintiff agrees to Monsanto's proposed changes in paragraph 1 that clarifies the name of the Automation and Engineering Department and the location of the class.  The parties, however, disagree regarding the length of time to allow putative plaintiffs to opt into the class.

Defendant suggests an opt-in period of 30-45 days, rather than the 90 days proposed by Plaintiff.  (Response, p. 2).  Defendant notes that the putative class includes fewer than 100 individuals and consists of white collar professionals who are likely to read and understand their mail.  (Response, p. 3).

In response, Plaintiff argues that the longer opt-in period is necessary because Defendant has indicated that the addresses it provided to Plaintiff might not be reliable because Defendant received the putative class members' mailing addresses from various staffing agencies.  Plaintiff requests the

additional time period to allow him to correct the addresses for returned or undeliverable mail. (Reply, p. 2).

The Court finds that Plaintiff has provided an adequate rationale for requiring 90 days for the opt-in period. The Court concludes that a 90 day opt-in period will fully and fairly allow for the provision of notice to potential plaintiffs. Perrin, 2011 U.S. Dist. LEXIS 117046, at *8.

B.   Section IV, "Effect of Joining this Lawsuit"[3]

Defendant seeks to add a sentence stating that, "If you do not prevail on your claim, court costs and expenses may possibly be assessed against you." (ECF Nos. 45-2, p. 2, 45-2, p. 2). Defendant claims this sentence is necessary to advise participants that they may be responsible for Defendant's costs if Defendant prevails in the lawsuit. (Response, p. 2).

Plaintiff argues that such a statement would have a chilling effect on potential plaintiffs participating in FLSA actions and that is unclear whether prevailing defendants in FLSA actions are entitled to costs. (Plaintiff's Memorandum of Filing Proposed Collective Action Notice ("Memorandum"), ECF No. 43, pp. 2-3). The Court finds these reasons to be valid, particularly given the uncertainty of the law, and denies Defendant's request. See Martinez v. Cargill Meat Solutions, 265 F.R.D. 490, 500 (D. Neb. 2009) ("it is not clear whether prevailing defendants can be awarded defense costs from plaintiffs seeking recovery under the FLSA, and such a notice may discourage plaintiffs from joining the litigation").

C.   Section V, "No Legal Effect in Not Joining This Lawsuit"

---

[3]The Court notes that there is no Section IV in the Notice provided by the parties. The Court renumbered the sections of the Notice in its version included at the end of this Opinion and Memorandum and refers to the renumbered sections accordingly.

Defendant asks this Court to delete the sentence, "Should the class recover any amounts as part of this lawsuit, you will not be entitled to share in the recovery." (ECF Nos. 45-2, p. 3, 45-2, p. 3). Defendant does not identify the basis for this request in its Response.

As noted by Plaintiff, the statement at issue is true, and a "court should not alter a plaintiff's proposed notice 'unless certain changes are necessary.'" Perrin, 2011 U.S. Dist. LEXIS 117046, at *9 (citing Littlefield v. Dealer Warranty Servs., LLC, 679 F. Supp. 2d 1014, 1018 (E.D. Mo. 2010)). Accordingly, the Court will not strike this sentence as requested by Defendant.

D. Section VI, "No Opinion Expressed as to the Merits of the Case"

Defendant seeks to add a statement that "The United States District Court for the Eastern District of Missouri expresses no opinion regarding the merits of the Plaintiff's claims or the defenses of Monsanto Company." (ECF Nos. 45-2, p. 3, 45-2, p. 3). Defendant asks this Court to add this statement to comport with the Court's decision in Perrin. (Response, pp. 1-2). Plaintiff claims that Defendant has not met its burden to establish that a re-write is necessary. (Reply, p. 3).

The Court notes that the first page of the Notice already states, in bold and upper-case lettering that "**THE COURT HAS TAKEN NO POSITION REGARDING THE MERITS OF THE PLAINTIFF'S CLAIMS OR THE DEFENDANT'S DEFENSES**." The Court finds Defendant's proposed language in Section VI to be unnecessarily redundant and it will not include the suggested sentence in the Notice.

E. Section VII, "No Retaliation Permitted"

The parties agree to delete this section.

**III. FOOTER**

In the Notice (ECF No. 43-1), Plaintiff includes a footer on each page that states "More questions?" and provides the contact information for Plaintiff's counsel. Defendant deletes this

footer but does not discuss the exclusion in its Response.  Likewise, Plaintiff does not mention the footer in its Reply.

The Court notes that Plaintiff counsel's information is provided in clear and unambiguous terms on the second page of the notice.  (ECF Nos. 43-1, p. 3; 45-2, p. 3; 45-3, p. 3).  The Court finds no reason to provide Plaintiff counsel's information again as the footer on each page.

**IV.** **APPROVED NOTICE**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| ALLEN ONDES, individually and on behalf of others similarly situated, ) ) | |
| ) | Case No. 4:11cv-197 JAR |
| Plaintiff, ) ) | |
| v. ) ) | |
| MONSANTO COMPANY, ) ) | |
| Defendant. ) | |

Notice of Lawsuit
Against Monsanto Company

**TO: <<First _Name>>  <<Last _Name>>**
RE: Right to join lawsuit against Monsanto Company for alleged unpaid overtime compensation

**THIS NOTICE HAS BEEN AUTHORIZED
BY THE HONORABLE JOHN A. ROSS
UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI**

**THE COURT HAS TAKEN NO POSITION REGARDING THE MERITS
OF THE PLAINTIFF'S CLAIMS OR THE DEFENDANT'S DEFENSES**

## I.     INTRODUCTION

The purpose of this Notice is to (1) inform you of a collective action lawsuit against Monsanto in which you are potentially similarly situated to the named Plaintiff, (2) to advise you of how your rights may be affected by this suit, and (3) to instruct you on the procedure for participating in this lawsuit should you decide to do so.  This Notice does not mean that you have a valid claim or that you are entitled to any monetary recovery.  Any such determination must still be made by the Court.  If you wish to join this lawsuit, you may do so by filling out the enclosed "Consent to Join" form.

## II.    DESCRIPTION OF THE LAWSUIT

Plaintiff Allen Ondes brought this lawsuit alleging he is owed unpaid overtime wages under the federal Fair Labor Standards Act ("FLSA") for work time which was not recorded or compensated.

Plaintiff seeks to recover these overtime wages, liquidated damages, pre-judgment and post-judgment interest, attorneys' fees, and court costs.

Monsanto denies Plaintiff's claims and denies that it owes him any compensation.

## III.   WHO IS INCLUDED IN THIS LAWSUIT?

The Court has conditionally certified the lawsuit to proceed as a collective action on behalf of persons who, since December 12, 2008, worked in Monsanto's Automation and Engineering Department in its location in Creve Coeur, Missouri, and who were paid by the hour.
If you currently or formerly worked on an hourly-paid basis in Monsanto's Automation and Engineering Department, you may join this lawsuit (that is, you may "opt-in").  Enclosed is a "Consent to Join" form.  In order to join this lawsuit, and thus participate in any recovery that may result from this lawsuit, you must read, sign and promptly return this "Consent to Join" form.  An addressed and postage paid envelope is enclosed for your convenience.  Should that enclosed envelope be lost or misplaced, the "Consent to Join" form should be sent to:

**Monsanto Overtime Litigation**
**c/o Weinhaus & Potashnick**
**11500 Olive Blvd., Suite 133**
**St. Louis, Missouri 63141**

The signed "Consent to Join" form must be postmarked by [insert date 90 days after mailing].  If your signed "Consent to Join" form is not postmarked by [insert same date], you will not participate in any recovery that may be obtained against Monsanto in this lawsuit.

If you choose to join this suit, you may choose to be represented by the named Plaintiff through his attorneys:

| | |
|---|---|
| Mark Potashnick | Ferne Wolf |
| Weinhaus & Potashnick | Sowers & Wolf |
| 11500 Olive Blvd., Suite 133 | 530 Maryville Center Drive, Suite 460 |
| St. Louis, Missouri 63141 | St. Louis, Missouri 63141 |
| (314)997-9150 ext. 2 | (314)744-4010 |
| Email: markp@wp-attorneys.com | Email: fw@sowerswolf.com |

You also have the right to hire your own attorney and to pursue your own claims on your own behalf.

### IV. EFFECT OF JOINING THIS LAWSUIT

If you choose to join this lawsuit, you will be bound by the final judgment, whether favorable or unfavorable. You will also be bound by, and will share in, any settlement that may be reached on behalf of the class. While this suit is pending, you become a party plaintiff. This means that you may be required to respond to written questions, produce documents, sit for depositions and/or testify in court. Although you are a party plaintiff, you will be represented by the named Plaintiff, and to the fullest extent possible, he will make decisions on your behalf concerning the case, the method and manner of conducting the case, the entering of an agreement with Plaintiff's counsel regarding payment of fees and costs and all other matters pertaining to this lawsuit. These decisions and agreements made and entered into will be binding on you if you join this lawsuit.

The named Plaintiff has entered into contingency fee agreements with Plaintiff's counsel, which means that if there is no recovery there will be no attorneys' fees and costs chargeable to you. Under the fee agreement, in the event there is a recovery, Plaintiff's counsel will receive a percentage of any settlement obtained or money judgment entered in favor of those members of the class they represent. The Court may also be asked to determine the amount of fees. A copy of the contingency fee agreement executed by the named Plaintiff may be obtained upon request from Plaintiff's counsel identified above.

### V. NO LEGAL EFFECT IN NOT JOINING THIS LAWSUIT

If you choose not to join this lawsuit, you will not be affected by any judgment or settlement rendered in this case on this claim, whether favorable of unfavorable to the class. Should the class recover any amounts as part of this lawsuit, you will not be entitled to share in the recovery from the federal claims asserted in this lawsuit.

### VI. NO OPINION EXPRESSED AS TO MERITS OF THE CASE

This Notice is for the sole purpose of determining the identity of those persons who wish to be involved in this case. Although the Court has authorized the sending of this Notice, there is no assurance at this time that the Court will grant any relief in this case.

### CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's proposed form Notice (ECF No. 43-1) is approved, subject to the changes outlined above. The Court also approves a ninety (90) day opt-in period to commence after the Rule 16 Conference on January 27, 2012.

Dated this 10th day of January, 2012.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE